## Larzelere v. Larzelere

*Wright, Mauck & Hawes,* for libellant.
*Roland Fleer,* for respondent.

DANNEHOWER, J., September 28, 1943.—This is an action in divorce a. v. m. brought by a husband against his wife on the ground of adultery. When ruled, libellant furnished a bill of particulars signed by counsel for libellant and supported by an affidavit of one of counsel for libellant. Respondent, by her attorney, moved to strike off the bill of particulars, "because it was not furnished by the libellant and is not verified by libellant's affidavit".

The question presented for decision is, must a bill of particulars filed in a divorce proceeding be supported by an affidavit signed by the libellant, or may such affidavit be executed by an affiant who is of counsel for libellant, has knowledge of the facts, and is authorized to make and does make the affidavit on behalf of libellant?

There is no statutory requirement under The Divorce Law of May 2, 1929, P. L. 1237, and its amendments that a bill of particulars be signed and sworn to by the

libellant. Nor is there any Montgomery County rule of court requiring such affidavit to be taken by libellant, as there is in some other counties. Concerning a bill of particulars, The Divorce Law of May 2, 1929, P. L. 1237, sec. 40 (23 PS §40), provides:

"In any suit or action in divorce, it shall be lawful for the respondent, at any time after the return of the subpœna, to enter a rule upon the libellant *to furnish a bill of particulars* of the cause of action as set forth in the libellant's petition filed, and, if the same *be not furnished by the libellant*", etc. (Italics supplied.)

We cannot interpret the words "furnished by the libellant" to mean that said bill of particulars must be sworn to by libellant personally, because when The Divorce Law provides that an affidavit be taken by a particular person it so specifies, as, for instance, the affidavit to the libel itself; where the respondent is a lunatic the "affidavit shall be taken by petitioner"; and also, where libellant is a minor, "the affidavit shall be taken by said minor libellant".

The purpose of a bill of particulars in a divorce action, where adultery is charged, is to give notice to the other party of the time when and place where the offense is alleged to have been committed, the attendant circumstances, and the name of the guilty participant, so that an opportunity may be had to prepare a defense. It is an amplification or more particular specification of the grounds set forth generally in the libel. The bill of particulars filed in the instant case meets all these requirements.

Even the Practice Act of May 14, 1915, P. L. 483, relating to practice in the courts of common pleas in actions in assumpsit or trespass, does not require in all such cases that the affidavit verifying the statement or declaration be made by the plaintiff. In 3 Standard Pennsylvania Practice, sec. 61, at pages 163 and 164, it is said:

". . . a verification may be made by the plaintiff or by a person other than the plaintiff 'having knowledge

of the facts'. . . . if, for instance, he [plaintiff] is absent from the country, . . . and this is made to appear on the face of the affidavit, a third person who is conversant of the facts . . . may, when authorized, make the affidavit."

In the instant case, it has been well argued that libellant is now in a foreign country in the military service, having signed and sworn to the affidavit on the libel and having had his depositions legally taken before he sailed. His attorneys, by investigation, know more of the facts than does libellant himself and, we think, since they have been authorized, are proper persons to make the affidavit to the bill of particulars. It is interesting to note that in 15 Standard Pennsylvania Practice (Matrimonial Actions), sec. 285, pp. 226, 227, the forms of a bill of particulars set forth are to be signed by the attorney for the libellant, and no affidavit appears on any of the three forms set forth.

We have made a careful search and are unable to find any decided case in Pennsylvania directly in point.

The Divorce Law requires a bill of particulars to be furnished by libellant. This requirement, under our rules of court and the common law, has been met, because the present bill of particulars is signed by libellant's attorneys and is supported by the affidavit of one who, as shown therein, has more knowledge of the facts than the libellant himself and has complete authority of the libellant for such action.

We conclude, therefore, that the affidavit to a bill of particulars in a divorce proceeding need not necessarily be personally made by the libellant under the provisions of The Divorce Law nor our local rules of court and, if taken by libellant's attorney, who has knowledge of the facts, when libellant is on foreign soil in the service of his country, will not be stricken off.

And now, September 28, 1943, for the foregoing reasons, respondent's rule to strike off bill of particulars is hereby discharged.